IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERMAN GOMEZ CASIANO, | § | |
| TDCJ-CID NO. 408123 | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-2741 |
| | § | |
| CHARLES BACARISSE, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff Herman Gomez Casiano, a state inmate, filed a civil rights suit pursuant to 42 U.S.C. § 1983, alleging that Harris County District Clerk Charles Bacarisse and another deputy clerk refused to process his petitions for expungement of stale criminal charges. (Docket Entries No.1, No.2). Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the Court granted with respect to the claims addressed in the motion. (Docket Entry No.14). The Court noted that plaintiff's complaint gave rise to a First Amendment denial-of-access-to-courts claim and retained such claim. (*Id*.). Plaintiff has filed an amended complaint seeking relief from defendant Charles Bacarisse in his capacity as Harris County District Clerk on the ground that Bacarisse has denied him access to the courts by refusing to process plaintiff's petitions for expunction. (Docket Entry No.15). Defendant has filed a response to the complaint (Docket Entry No.16), to which plaintiff has filed a reply. (Docket Entry No.17).

For the reasons to follow, the Court will dismiss plaintiff's complaint with prejudice.

CLAIMS

Plaintiff maintains that on September 29, 2004, March 22, 2005, and May 4, 2005, he attempted to file a petition for expunction to remove allegations of criminal charges in cause numbers 426213B,[1] 425213A, and 426769 in the 209th Judicial District Court of Harris County, Texas.  (Docket Entry No.2).  Plaintiff indicates that he has never been prosecuted for these charges because they were either abandoned or dismissed.  (*Id.*).  He further maintains that Harris District Clerk Charles Bacarisse refused to file the petitions and returned them to him without explanation.  (Docket Entries No.2, No.15).  Plaintiff indicates that he presented his situation directly to the judge of the 209th Judicial District Court, presumably by means of a state application for a writ of habeas corpus in cause number 426213-C, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court without a hearing on July 19, 2006.  (Docket Entry No.1).

In the pending amended complaint, plaintiff contends that he is entitled under state law to petition the state courts for expunction of the three criminal charges from his record and by refusing to process the petition in the proper court, defendant Bacarisse has violated plaintiff's right to access the courts.  (Docket Entry No.15).  Plaintiff claims that he has suffered adverse consequences from these abandoned criminal charges on his criminal record.  Plaintiff indicates that TDCJ-CID officials consider these charges in determining plaintiff's eligibility for custody upgrades, trusty upgrades, and release to parole.  (Docket Entry No.2).

---

[1]

Plaintiff was convicted of aggravated robbery in cause number 426,213 in the 209th Judicial District Court of Harris County, Texas.  *Casiano v. State*, No.A14-85-859-CR (Tex. App.–Houston [14th Dist.] 1986, pet. ref'd).  The jury assessed punishment at confinement for life in the Texas Department of Criminal Justice.  *Id.*  Plaintiff does not indicate what other offense he was charged with in cause number 426,213, for which he seeks expunction.

Defendant Bacarisse moves to dismiss the complaint on the following grounds:  (1) there is no duty imposed on the district clerk to participate in the expunction process; (2) plaintiff has not "followed any of the procedural mechanisms available and . . . failed to notify any of the necessary parties who would have input into the expunction procedure"; (3) plaintiff has failed to allege or present any facts that show that he has been deterred from exercising his constitutional right to file lawsuits, such as an expunction request; and (4) plaintiff's allegations are speculative and conclusory.  (Docket Entry No.16).

Plaintiff maintains in his reply that, under Articles 55.01 through 55.05 of the Texas Code of Criminal Procedure, defendant has a duty to file any legal document, including a petition for expunction, with the state district court and that the state district court, and not defendant, must be the decider of the legal issues raised in the petition.  (Docket Entry No.17).

ANALYSIS

Rule 12(b) (6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 127 S.Ct. at 1974; *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).  Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be

drawn from the factual allegations. *Twombly*, 127 S.Ct. At 1964-65 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level).

Prisoners have a right of access to the courts; this access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 823 (1977). "In its most obvious and formal manifestation, the right protects one's physical access to the courts." *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989), *overruled on other grounds by Horton v. California*, 496 U.S. 128 (1990). To sustain a constitutional claim of denial of access to the courts, an inmate must show that he sustained an actual injury. *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996). The injury requirement is not satisfied merely by any type of frustrated legal claim; rather, the injury must involve an attempt to pursue a challenge to the prisoner's confinement or a direct or indirect attack on his sentence. *Id.* at 354.

Arguably plaintiff's contention that Bacarisse's failure to process the petitions has caused him to suffer adverse consequences from the abandoned charges on his criminal record, may suffice, for purposes of a Rule 12(b)(6) motion, to support the actual injury element of plaintiff's First Amendment claim. However, because plaintiff complains in his amended complaint that Bacarisse acted in his official capacity as the District Clerk of Harris County when he refused to process plaintiff's petitions, the Court must dismiss the pending complaint for failure to state a claim upon which relief may be granted.

Allegations against defendant Bacarisse in his official capacity are essentially claims against Harris County. For a municipality to be liable under § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't of Social Services,* 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001). These three elements are

4

necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. *Id.* "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski,* 237 F.3d at 578.  An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County,* 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.*

Plaintiff fails to allege any facts to hold Harris County liable.  He has not shown that the alleged unconstitutional actions by defendant Bacarisse were attributable to an official policy or custom of Harris County.  Accordingly, plaintiff fails to state a claim upon which relief can be granted against Harris County.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1.    Defendant's motion to dismiss (Docket Entry No.16) is GRANTED.  All claims against defendant Charles Bacarrise are DISMISSED with prejudice.

2.    To the extent that plaintiff seeks relief against other clerks in the Harris County District Clerk's Office, plaintiff's claims against such clerks are deemed abandoned by his failure to name such clerks as defendants in his amended complaint.  Therefore,

plaintiff's claims against other defendants named in his original complaint are DISMISSED.

3.        This civil action is DISMISSED with prejudice for failure to state a claim.

4.        All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.


SIGNED at Houston, Texas, this 27th day of August, 2007.


Melinda Harmon
United States District Judge

6